## SAMUEL DIETRICH
### *v.*
## GEORGE RUMSEY.

NEW TRIAL — *verdict against the evidence.* When there exists a great conflict of evidence on both sides, this court will not undertake to determine the weight of the evidence, the facts, by a fair intendment, warranting the verdict of the jury.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case.

Messrs. MEACHAM & COCHRAN, for the appellant.

Mr. THOMAS J. TURNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by appellant, before a justice of the peace of Jo Daviess county, against appellee, for the recovery of two hogs. A trial was had, an appeal prosecuted to the Circuit Court, and a change of venue afterward taken to Stephenson county. A trial was subsequently had in that court by a jury, resulting in favor of appellee, and the case is brought to this court by appeal, and a single error is relied upon for a reversal, which is the refusal of the court below to grant a new trial because the verdict was against the evidence.

It appears that appellee interposed as a defense, that the hogs were his, or that the property was in one Hunter. The parties introduced an equal number of witnesses who identify the hogs as those of appellant, and as being the Hunter hogs. Appellant claimed them from a different source, and, if they were the Hunter hogs, then there is no pretense that appellant had any title to them. The witnesses on each side seem to have had at least equal opportunity to know the hogs of which they testified, and to be able to identify them. They all seem to be almost absolutely certain that they knew the hogs in controversy, and were on both sides certain that they belonged to the respective parties. Appellant's witnesses swear, with great confidence, that they were his, — and appellee's witnesses, with equal certainty, that they were his. And both sets of witnesses describe the hogs by marks and appearance with about equal minuteness.

In this perplexing conflict in the evidence an appellate court should not undertake to determine the real weight of evidence. It would seem to be impossible to reconcile the evidence, and

in such a case it is clearly the province of the jury to give credit to such portions as they regarded as credible, and reject the balance. They saw the witnesses on the stand, and could observe their manner, their intelligence, their fairness in testifying, and from all these and other circumstances determine who were entitled to credit and who were not, and thus form their verdict. This was a question fairly for their determination. They have given credit to appellee's witnesses, and we cannot say that their finding is not sustained by the evidence, and the judgment of the court below must, therefore, be affirmed.

*Judgment affirmed.*