IRA HINER

*v.*

WILLIAM RICHTER.

1. PLEADING AT LAW—*of the declaration—in an action for fraudulent representations in the sale of lands—where count contains both valid and illegal claims for damages—the latter regarded as surplusage.* In an action on the case, by H, against R, for fraudulent representations in regard to the number of acres contained in a piece of land sold by him to H, the declaration contained one count, which set forth several distinct claims for special damages, to which a demurrer was interposed, on the ground that some of the claims were invalid: *Held,* that this objection was not good, inasmuch as the count set forth a valid ground of action. In such case, an illegal claim of special damages would be mere surplusage.

2. DAMAGES—*probable profits—loss of—too remote to be made the ground of special damages.* And in such case, H would not be entitled to recover for the loss of possible profits which might have been made on the deficient twenty acres. Such damages are too remote and uncertain to be made the ground of special damages. *Green* v. *Williams*, 45 Ill. 209.

3. SAME—*measure of—for deficient quantity.* In such case, the plaintiff would only be entitled to recover, as damages, the amount of the purchase money paid on the deficient quantity, with interest on the same.

4. FRAUD—*false representations on the part of the vendor—what plaintiff must show to recover.* In an action of this kind, to enable a plaintiff to recover, it is sufficient if he proves that the defendant knowingly made the false representations, and that relying upon such representations he purchased.

5. SAME—*plaintiff not required to prove that he did not know the statements to be false.* In such case, the plaintiff is not required to prove that he did not know the statements of the vendor to be false. This would require him to prove a negative.

6. Such proof must be made by the defendant, if he seeks to defeat a recovery upon the ground that the plaintiff knew the facts, and was, therefore, not deceived in his purchase.

7. CASE—*action on—for false representations—scienter must be shown.* This court has repeatedly said, that in actions on the case, for fraudulent and false representations, the *scienter* must be shown.

8. SAME—*positive proof of knowledge—not required—may be shown from circumstances.* But in such cases, direct and positive proof of knowledge is not required. Though not directly proved, it may often be inferred from other facts, and it is for the jury to determine, from all the circumstances, whether the defendant knew his representations to be false.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Mr. R. WILLIAMS and Mr. W. F. HENRY, for the appellant.

Messrs. COHRS & SALTONSTALL, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action upon the case, brought by Hiner, against Richter, for fraudulent representations made by the latter in regard to the number of acres contained in a piece of land sold by him to Hiner. The jury found for the defendant, and the plaintiff appealed from the judgment rendered on the verdict.

The first error assigned is, that the court erred in sustaining the demurrer to the second count of the declaration. The objection is taken to the count, that it sets forth several distinct grounds for claiming special damages, some of which, it is insisted, are not valid grounds. But admitting that the plaintiff would not be entitled to all the damages specially claimed, the count nevertheless sets forth a good ground of action, and any illegal claim of special damages is mere surplusage. The demurrer should have been overruled, and the question as to the measure of damages would come up on the trial. We will here say, however, that the loss of possible profits which might have been made on the deficient twenty acres, is too remote and uncertain to be made the ground of special damages. *Green* v. *Williams*, 45 Ill. 209. Instead of such damages, the plaintiff, if he recovers, will be entitled to interest on the purchase money paid on the deficient quantity, besides the purchase money itself.

The fifth instruction for the defendant probably misled the jury. Its substance was, that the plaintiff, in order to recover, must prove not only that the statements of the vendor, as to the quantity of land, were untrue, and known to the vendor to be untrue, and that the plaintiff relied upon them as true, but he must also prove he did not know them to be false. This was requiring the plaintiff to prove a negative, and was requiring too much. It was sufficient for the plaintiff to prove that the defendant knowingly made the false representations, and that upon such representations the plaintiff bought; and if the defendant desired to resist the plaintiff's claim upon the ground that he knew the facts, and was, therefore, not

deceived in his purchase, it was incumbent on the defendant to make the proof.

It is urged, the plaintiff should not have been required to prove that the defendant knew his representations to be false. This point has been often ruled in this court, and the question is not open to discussion. The *scienter* must be shown. It may, however, be remarked, and a jury may properly be told, in cases of this character, that positive and direct proof of knowledge is not required. They are to determine, from all the circumstances, whether the defendant knew the truth when he made his false statements. Such knowledge may often be a just inference from other facts, though not directly proved.

The judgment is reversed and the cause remanded.

*Judgment reversed.*