## CASPER NOLTE

*v.*

## FREDERICK REICHELM.

*Filed at Mt. Vernon June 14, 1880—Rehearing denied November Term, 1880.*

1. DECEIT—*whether an action will, lie therefor—of the diligence required of the party complaining.* If a man represents as true that which he knows to be false, and makes the representation in such a way, or under such circumstances, as to induce a reasonable man to believe it is true, and is meant to be acted on, and the person to whom the representation has been made, believing it to be true, acts upon the faith of it, and by so acting sustains damage, there is fraud to support an action for deceit.

2. In this case, a person holding a note for the sum of $394.06, secured by mortgage on thirty-six acres of poor land, worth less than $50, proposed to sell the note to another, representing that the mortgaged premises embraced a tract of eighty acres of good prairie land, worth $1000, at the same time knowing what the facts were, and that his representations were false, but the person to whom the representations were made, relying on them as being true, purchased the note, paying therefor the sum of $395. The land covered by the mortgage was situate only six or seven miles from where the parties resided, but the purchaser did not go upon the premises himself to examine

as to the quality or quantity. The purchaser was a German, unable to read English, and relied entirely on the representations of the seller as to the quantity and description of the land embraced in the mortgage, and also as to its location and quality, the seller assuming to point out the land on a map, and to know of its value. The seller had, on former occasions, transacted business for the purchaser under such circumstances that the latter might reasonably have trusted him, and relied upon his representations. Moreover, the parties were upon terms of intimate friendship. There was no fact transpired pending the negotiation calculated to arouse a suspicion in the mind of a reasonably prudent person as to the truth of the representations. It was *held,* the buyer, under the circumstances, was justified in relying on the representations of the seller, without further diligence on his part to ascertain their truth, and the fraud perpetrated upon him would support an action for deceit.

3. INSTRUCTION—*as to the scienter in an action for deceit.* In an action for deceit, the court instructed the jury that the alleged false representations, to be actionable, must have been fraudulently made. Upon objection that the instruction failed to inform the jury that the representations must have been made with a knowledge that they were false, in order to constitute a ground of action, it was *held,* the instruction was sufficient in that regard, as the *scienter* enters into, and is necessary to, a fraudulent representation.

APPEAL from the Circuit Court of Effingham county.

Messrs. GILMORE & WHITE, for the appellant:

In order to recover in an action for deceit, the representations must be false; the party making them must have known them to be false at the time; he must have used some means or artifice to deceive or circumvent the party to whom they were made, and they must have been wholly and entirely relied upon by the party seeking to recover. *Walker* v. *Hough,* 59 Ill. 375; *Fauntleroy* v. *Wilcox,* 80 id. 480; *Sims* v. *Klein,* Breese, 302.

It must appear, in order to entitle the plaintiff to recover, that the false and fraudulent representations were such as he had the legal right to rely upon. Benjamin on Sales, 339; *Parker* v. *Moulton,* 114 Mass. 99; Kerr on Fraud and Mistake, (Am. ed.) 82; 2 Kent, 485; 2 Starkie Ev. 471; *Slaughter* v. *Gersen,* 13 Wall. 379.

Messrs. WOOD BROTHERS, for the appellee:

Upon the facts disclosed in this record, it is a clear case of false representation, entitling the party injured thereby to damages. Cooley on Torts, 498–501; Kerr on Fraud and Mistake, (Am. ed.) 54–55; *White* v. *Sutherland*, 64 Ill. 181; *Mitchell* v. *McDougal*, 62 id. 501.

It was not necessary to prove a *scienter* by direct testimony. It may be shown as well by circumstances. *Hiner* v. *Richter*, 51 Ill. 301; Kerr on Fraud, etc. 54.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The first question presented by the record is, whether an action for deceit can be maintained upon the representations of appellant, upon which appellee purchased a note secured by mortgage, executed by one Toothuar, on a tract of land in Effingham county.

Appellee was a German, unable to read English, and had no knowledge in regard to the government subdivision of lands. He knew nothing in regard to the solvency of the parties to the note, or the quality or value of the land embraced in the mortgage.

Appellant claimed to know the land, and represented that it consisted of eighty acres of good prairie, worth $1000, and was good security for the mortgage debt, which amounted to $394.06 and accrued interest.

Appellee, relying upon the representations of appellant, purchased of him the note and mortgage, paying therefor $395. It subsequently turned out that the mortgage contained only thirty-six acres of land, and that, too, of a poor quality, worth less than $50.

There is no doubt but appellee made the purchase upon the faith of appellant's representations, and it is also clear that appellant knew that the mortgage only contained thirty-six acres of land when he represented to appellee that it contained eighty acres, and he also knew the land was of but little value when he represented that it was worth $1000.

The land embraced in the mortgage was only six or seven miles from Effingham, where the parties resided, and it is contended that, in order to recover in an action for deceit, it must appear that the plaintiff had not an equal opportunity of knowing and ascertaining for himself the truth, or the untruthfulness, of the representations relied upon.

Kerr on Fraud and Mistake, page 53, says: "If a man represents as true that which he knows to be false, and makes the representation in such a way, or under such circumstances, as to induce a reasonable man to believe that it is true, and is meant to be acted on, and the person to whom the representation has been made, believing it to be true, acts upon the faith of it, and by so acting sustains damage, there is fraud to support an action of deceit at law, and to be ground for the rescission of the transaction in equity."

Appellee was incapable of reading, and he was compelled to rely upon some person to examine the mortgage, and inform him in regard to the quantity of land it contained. Appellant had been an intimate friend of appellee, and had done business for him on former occasions. Under such circumstances, it was only reasonable for him to trust and rely upon appellant and his representations.

But it may be said appellee ought not to have relied upon the representations in regard to the quality and value of the land, and number of acres it contained, but should have gone upon the premises and made an examination for himself. Had appellant discovered any fact during the negotiation calculated to create a suspicion in the mind of a reasonable, prudent person that the statements were incorrect, doubtless it would have been the duty of appellee to make further investigation, or conclude the trade at his peril. But such was not the case. So far as appears, he had every reason to rely upon and believe the statements of appellant, who represented that he had been on the land described in the mortgage. He pointed it out on the map as a tract of land consisting of eighty acres.

Under such circumstances, we do not understand that it was a duty resting upon appellee to go upon the land and make a personal examination. But, on the other hand, he had a right to rely upon the representations of appellant as true.

In *Cox* v. *Montgomery*, 36 Ill. 396, where an exchange of lands was made between two contracting parties, one relying upon the statement of the other in regard to the quality and value of the land, which turned out to be false, it was there held that the false representations made entitled the defrauded party to a rescission of the contract, if a bill had been filed in apt time, although he had failed to go upon and examine the land for himself. See also *Kenner* v. *Harding*, 85 Ill. 264.

It is next contended, that appellee's instructions two and three are erroneous, for the reason that they do not inform the jury that the false representations must have been knowingly made. The instructions, in express terms, inform the jury that the representations, to be actionable, must have been fraudulently made.

The same objection was urged to an instruction in *Merwin* v. *Arbuckle*, 81 Ill. 501, and it is there said: "As the *scienter* enters into and is necessary to a fraudulent representation, the instruction virtually informed the jury that the representations must have been made knowing them to be false. Then, when they were informed that they must have been fraudulent, they were, in substance, told that they must have been not only false, but plaintiff in error knew it."

The case cited seems to be conclusive of the question made.

It is also contended that the sixth and seventh instructions invade the province of the jury, but in what respect they are liable to the criticism made, we do not perceive.

The sixth contains a verbal inaccuracy, the word "of" being inserted between the words "false" and "fraudulent," when it was doubtless intended to insert the word "and," but the mistake is so apparent that no jury could ever be misled by it.

So far as appears, from the record, the appellant has had a fair trial, and we perceive no reason for disturbing the judgment. It will be affirmed.

*Judgment affirmed.*