## Moyer et al. v. Lederer et al.

1. FALSE STATEMENTS—*Commercial Agencies.*—If a merchant furnishes to a mercantile agency, whose business is to obtain and furnish to others statements or reports of the financial condition and standing of business men and persons engaged in trade, a willfully false statement as to his circumstances or pecuniary ability; with intent to obtain a standing and credit to which he knows that he is not justly entitled, and thus to defraud whoever may refer to the agency, and in reliance upon the false information there lodged may extend credit to him, his liability to any party defrauded by these means is the same as if he had made the false representation directly to the party injured.

2. MERCANTILE AGENCIES—*Effect of Statements, etc.*—A merchant who is a subscriber to a commercial agency must be held to know the mission of it, and ought not to be allowed to shield himself from the effects of a business statement he is called upon, by the agency in the regular course of its business, to make for publication through the channels of the agency, behind a secret intention at the time of making the statement, that he would not profit by it.

**Memorandum.**—Replevin. Summons issued February 24, 1890. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, A. D. 1893, and affirmed. Opinion filed March 13, 1893.

*Appellee's second instruction:*

The court instructs the jury that if a merchant furnishes to a mercantile agency, whose business is to obtain and furnish to others statements or reports of the financial condition and standing of business men and persons engaged in trade, a willfully false statement as to his circumstances or pecuniary ability, with intent to obtain a standing and credit to which he knows that he is not justly entitled, and thus to defraud whoever may refer to the agency, and in reliance upon the false information there lodged may extend credit to him, his liability to any

Moyer v. Lederer.

party defrauded by these means is the same as if he had made the false representation directly to the party injured; the court, therefore, instructs the jury that if they believe from the evidence that the defendant, Louis W. Moyer, made a willfully and materially false statement as to his circumstances and pecuniary ability with intent to obtain a standing and credit to which he knew that he was not justly entitled, to Bradstreet & Company, and that Bradstreet & Company was a mercantile agency of the character above described, and that said false statement was communicated to the plaintiffs by Bradstreet & Company, before they, the plaintiffs, extended to the defendant, Moyer, credit on account of the goods in question, and that the plaintiffs relied upon said false statement, and were induced thereby to part with the possession of the goods in controversy, then the court instructs the jury, their verdict should be for the plaintiffs.

*Appellant's fifth instruction:*

The jury are further instructed, that if they believe from the evidence that the statements introduced in evidence and made to the Bradstreet Company were made by the said defendant, Louis W. Moyer, at the request of the Bradstreet Company, for the purpose of giving the said Louis W. Moyer a rating in the Bradstreet reports, and were not made by the said Louis W. Moyer with the purpose and intent that the same should be used to establish or obtain a credit for himself, and he did not know that they would be so used, then the jury shall not consider the same as a representation of the financial standing of the said defendant, Moyer, to the said plaintiffs, although the jury should further find from the evidence that the said plaintiffs did receive such a report from the said Bradstreet Company.

The opinion states the case.

ELIEL & ROSENTHAL, attorneys for appellants.

BYAM & WEINSCHENK, attorneys for appellees.

OPINION OF THE COURT, SHEPARD, J.

This was an action in replevin, resulting on a trial by court and jury, in favor of the appellees, the plaintiffs in the replevin suit.

The principal issue was as to whether the appellant Moyer obtained the replevied goods from the appellees by means of fraudulent representations made by him of his financial standing and credit as a merchant.

Such representations as were made by him, were to agents and traveling salesmen of the appellees, and to the Brad-

street Commercial Agency, and were communicated by them to appellees, and furnished the basis upon which the goods in question were sold and delivered by appellees to appellant, Moyer.

A large amount of evidence was heard on the trial, some of it tending strongly to establish that Moyer had been guilty of a perpetration of a fraud upon the appellees, and some of it tending to establish a contrary conclusion. It is unnecessary to recapitulate the evidence. There was clearly enough evidence to justify the jury in finding as they did, and in such a case a court of review will not set aside a verdict merely because the jury might have found, upon the facts and circumstances in evidence, a different verdict.

Fault is found with the second instruction given to the jury on behalf of appellees, and with the refusal to give the fifth instruction offered on behalf of the appellants.

We think that the rule of law applicable to willfully and materially false statements concerning a person's pecuniary circumstances and ability, made to a commercial agency, with the intent on the part of the person making the statement to thereby obtain a financial standing and credit to which he knew he was not justly entitled, in cases where the person to whom such false statement is communicated in the regular course of the business of the commercial agency, shall rely upon such statement, and be induced thereby to part with goods to him who has made the false statement, was correctly stated in appellees' second instruction; and that the instruction as given was applicable to facts given in evidence on the trial.

It was not necessary that the appellees should have relied solely on the statement furnished by Moyer to the commercial agency. The evidence discloses that they did rely upon those statements, and that was sufficient. That they relied, also, upon the statements made by Moyer to appellees' traveling salesmen, does not make the instruction inapplicable.

Reliance may be placed upon statements of the financial standing of the person making them, made at different times

to different persons, who stand in proper relation to the parties, and the subject-matter of the statements, where the statements are in substantial accord, without violating an instruction given with reference to any one of the particular statements, and the position of the party to whom it is made.

There was evidence in the case of statements made to the commercial agency, to Rodenbery and to Schultz (who were traveling salesmen of appellees), and that each of those statements was communicated to appellees, and that appellees relied upon each and all of such statements in parting with their goods.

While such statements were more complete in the one case than in the other, they were not in conflict, and it was not error to instruct the jury particularly as to the legal status of the commercial agency, or as to the effect of statements that they might believe from the evidence, were made to the agency.

The court below very properly refused to give appellants' fifth instruction. Its effect was to tell the jury that no greater weight should be attached to a statement made by appellant Moyer to the commercial agency, for the purpose of giving himself a financial rating in the agency's reports, than to his secret intention at the time that he should not obtain credit therefrom for himself.

. Moyer knew the business mission of the commercial agency, and himself became a subscriber to it. He ought not to be permitted to shield himself from the effect of a business statement he was regularly called upon to make for publication through the channels of the agency, behind his secret intention, at the time of making the statement, that he would not profit by it. The judgment of the Circuit Court will be affirmed.