## Brown v. Lobdell, Farwell & Co.

1. MALICE—*In Action for Deceit.*—Malice is the gist of an action for deceit.

2. FALSE REPRESENTATIONS—*Repetition of, Unnecessary.*—A state of affairs once shown to exist, is presumed to continue until notice is given of a change. So where a person procured another to discount notes for him by false representations, *it was held*, not to be necessary that each time a note was discounted the false representation should be repeated.

3. FRAUD—*Fraudulent Purpose Inferred.*—Where one knowingly states what is untrue for the purpose of obtaining property or credit, a fraudulent purpose is inferred.

**Memorandum.**—Petition for discharge under the insolvent act. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

### STATEMENT OF THE CASE.

Appeal was arrested on a *ca. sa.* issued upon a judgment by default, rendered in a cause wherein the plaintiff's declaration was as follows:

"For that whereas, the defendant, on, to wit, the early part of December, 1891, in the county aforesaid, then being the president of the Union Grain Company, a corporation organized and existing under the laws of the State of Illinois, applied at the office of the plaintiff, who was then, and is now, engaged in buying and handling commercial paper, to thereafter engage in the business of discounting for him

the notes of said Union Grain Company, to be indorsed and guaranteed by the firm of S. A. Brown & Co., of which said firm defendant informed the plaintiff he was the leading member, and to induce this plaintiff to discount for him such paper, falsely represented and stated to this plaintiff that he was worth in the neighborhood of $800,000; that the business of his said firm of S. A. Brown & Co. was in good condition; that the Union Grain Company had a capital of $200,000; that $100,000 has been paid in in cash, and was possessed of a large amount of accumulated profits. And the plaintiff avers that on the faith of said representations and statements this plaintiff shortly thereafter, relying implicitly upon all the statements so made as aforesaid by said defendant, and believing said statements to be true, began to discount for said defendant the paper of the Union Grain Company, and indorsed and guaranteed by said firm of S. B. Brown & Co., of which said defendant was the principal partner, and on the 17th day of March, 1892, relying on and believing in the truth of said false statements, plaintiff discounted for said defendant a note bearing date of March 17, 1892, made by said Union Grain Company, payable to the order of said S. A. Brown & Co., in the sum of $2,500, ninety days after its date, and indorsed in blank and guaranteed by said firm of S. A. Brown & Co., of which said firm said defendant was the principal partner, and advanced to said defendants for said note of $2,500, the sum of twenty-five hundred dollars ($2,500).

And plaintiff avers that on the 22d day of March, A. D. 1892, plaintiff, relying upon the aforesaid false representations of said defendant, and believing them to be true, discounted for said defendant, a note dated March 22, 1892, made by the said Union Grain Company, in the sum of twenty-five hundred dollars ($2,500), ninety days after its date, and indorsed in blank and guaranteed by said S. A. Brown & Co., of which said defendant was the principal partner, and advanced to said defendant for said note the sum of $2,500. But the plaintiff avers that the representations hereinbefore alleged to have been falsely made by said

defendant to said plaintiff, to wit, that defendant was worth in the neighborhood of eight hundred thousand dollars ($800,000), that the business of S. A. Brown & Co. was in good condition, that the capital of the Union Grain Company was $200,000, of which $100,000 had been paid in in cash, and that said Union Grain Company was possessed of a large amount of accumulated profits, were each and all false when so made, and were at that time known by said defendant to be false, and were made by said defendant for the purpose of deceiving and defrauding this plaintiff; but on the contrary, that said S. A. Brown & Co., of which said defendant was a partner, said defendant, and said Union Grain Company, were each and all insolvent at the date of said statements, and have so remained ever since.

And plaintiff avers that at the maturity of said notes the same were not paid, and are still in the possession of the plaintiff, unpaid; that long prior to their maturity, said S. B. Brown & Co., of which said S. A. Brown was the principal partner, said Union Grain Company and said defendant failed in business, and were closed up by process of law, and all their property subject to execution has long since been sold, and said notes are absolutely worthless. And so the defendant falsely deceived and defrauded the plaintiff, to the damage of the plaintiff in the sum of $50,000, and therefore it brings its suit.

HAMLINE, SCOTT & LORD,<br>Attorneys for Plaintiff."

The judgment rendered upon this declaration was at the March term, 1893, of this court, affirmed in the case of Spencer A. Brown v. Lobdell, Farwell & Co.

Appellant applied to the County Court to be discharged under the insolvent debtor's act.

The court being of the opinion that malice was the gist of the action, refused to discharge him, and he prosecutes this appeal.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

HAMLINE, SCOTT & LORD, attorneys for appellees.

Engel v. Sellers.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Malice was clearly the gist of the action against appellant.

It was alleged that to induce the plaintiffs to discount for him, certain paper, he made certain specified false statements as to his pecuniary condition; that these statements were then known by him to be false and were made for the purpose of deceiving and defrauding the plaintiffs, and that relying upon said false representations, they did discount certain notes for him, which notes are past due, unpaid, and still in their possession.

The declaration contains every element of an action for deceit.

It was not necessary that each time the plaintiffs discounted a note for appellant his representations should be repeated. A state of affairs once shown to exist is presumed to continue until notice is given of a change. Hutchinson v. Bell, 1 Taunton 558; Moyer v. Lederer, 50 Ill. App. 94.

When one knowingly states what is untrue for the purpose of obtaining property or credit a fraudulent purpose is inferred. Endslay v. Johns, 120 Ill. 469; Nolte v. Reichelm, 96 Ill. 425; Hiner v. Richter, 51 Ill. 299; Merwin v. Arbuckle, 81 Ill. 501; Drabek v. Grand Lodge, 24 Ill. App. 90; First Nat. Bank of Flora v. Burkett, 101 Ill. 391.

The order of the Circuit Court is affirmed.