## ASHER MERWIN

### *v.*

## ALEXANDER ARBUCKLE.

| | |
|---|---|
| 81 | 501 |
| 120 | 164 |
| 120 | 479 |
| 22a | 458 |
| 25a | 161 |
| 81 | 501 |
| 154 | 518 |
| 45a | 247 |
| 81 | 501 |
| 51a | 577 |
| 81 | 501 |
| 47a | 331 |
| 81 | 501 |
| 75a | 322 |
| 81 | 501 |
| 176 | 365 |
| 81 | 501 |
| 83a | 160 |
| 81 | 501 |
| 99a | [1]187 |
| 81 | 501 |
| 100a | [1]406 |

1. FRAUD—*fraudulent representations by the vendor of land.* To render a representation fraudulent, it must not only be false, but the party making it must know it to be such. To recover in an action for deceit, the statement must be untrue, the party making it must know it to be false, and the person seeking to recover must have relied on the statement as true, and have been induced to act upon it, and the statement must be in relation to a matter material to the transaction. As a general rule, representations as to mere value, although known to be false, will not constitute fraud.

2. An instruction which requires the jury to find fraudulent representations as to the kind and quality of land sold, and also as to its value, or what the vendor paid for it, is one that can not injure the vendor in a suit for fraud and deceit. If in the alternative as to the proof of the falsity of the representations, it would present a different question.

3. SAME—*instruction as involving scienter.* An instruction that representations must be fraudulently made to authorize a recovery, is, in substance, that they must be false, and known to be such by the party making them.

4. FORMER DECISION. The case of *Mitchell* v. *McDougall*, 62 Ill. 498, omits to state that the party making false representations must have known them to be false, for the reason that he had been on the land, and must have known they were false, and was not intended to change the rule as previously announced.

5. EVIDENCE—*representations of third party.* In a suit against the vendor of land, to recover on the ground of false and fraudulent representations made by him as to the nature and quality of the land, where the vendor has never seen the land, it is competent for him to prove that the person from whom he purchased made similar representations to him, as tending to show the statements made by him were not recklessly made, and without any ground of belief in their truth.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case, by Alexander Arbuckle against Asher Merwin, for fraud and deceit in the sale of Missouri land. The plaintiff recovered in the court below.

Messrs. BLOOMFIELD, POLLOCK & CAMPBELL, for the plaintiff in error.

Messrs. STEVENSON & EWING, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The evidence in this case is conflicting, and it was for the jury to reconcile it, and find according to its weight, under proper instructions, and it was such a case as required that the law should have been clearly and fairly stated to the jury in the instructions.

Plaintiff in error insists that the court committed manifest error in giving the instruction for defendant in error. He insists that the instruction ignores the *scienter* in a false representation to make it fraudulent. A careful examination of the instruction, we think, fails to disclose any ground for the criticism. The jury are informed that, if plaintiff in error falsely and fraudulently represented that it was splendid, high rolling land, and that 160 acres was good prairie, and the remainder was timber land, covered principally with walnut trees, and there were 100 bearing pecan trees on the timber land, etc., and the representations were false, then the jury· should find for the plaintiff.

To render a representation fraudulent, it must be false, and not only so, but the party making it must know that it is false. To recover in an action for deceit, the statement must be un-. true, the party making it must know that it is false, and the person seeking to recover must have relied on the statement as true, and have been induced to act upon the statement; and the statement, to authorize a recovery, must have been in relation to a matter material to the transaction. See *Wheeler* v. *Randall*, 48 Ill. 182; *Hiner* v. *Richter*, 51 Ill. 299. ·

As a general rule, representations as to mere value, although known to be false, will not constitute fraud. *Banta* v. *Palmer*, 47 Ill. 99. But this instruction requires all the other representations to be proved false, as well as the representation as· to what plaintiff in error represented he had paid for the land. ·

And even if that representation was not alone sufficient to constitute fraud, it did plaintiff in error no injury, as proof of its falsity was superadded to the other representations. It increased the burthen of proof on defendant in error. Had the instruction been in the alternative, as to proof of the falsity of the representations, then a very different question would have been presented for consideration.

But as the *scienter* enters into and is necessary to a fraudulent representation, the instruction virtually informed the jury that the representations must have been made, knowing them to be false. Then, when they were informed that they must have been fraudulent, they were, in substance, told they must have been not only false, but plaintiff in error knew it. We, therefore, fail to perceive that there was error in the giving of this instruction. Plaintiff in error had the right to ask instructions explaining it to the jury, and he availed himself of the privilege.

It is urged that the case of *Mitchell* v. *McDougall*, 62 Ill. 498, announces the rule that it does not matter whether the untruth of the statement by the vendor was known to him at the time or not, as the effect on the purchaser was the same in any event. In that case the vendor had been on the land, and must have known that the statements he made were untrue. Hence it was wholly unnecessary to the decision of the case, to so state the rule. It was inadvertently made, and was not intended to overrule or modify the rule as previously announced by the court.

It is next urged that the court below erred in not permitting plaintiff in error to prove that Taylor had made the same representations to him which he made to defendant in error.

As plaintiff in error had never seen the land in Missouri, it was material that he should have been permitted to prove that Taylor, who had previously owned the land, had described it to him as he described it to defendant in error. It would have tended to show that plaintiff in error did not make the statement recklessly and without foundation, or that he had fabricated the representations. It would have tended to show the

animus with which they were made, and, as fraud consists largely of intention, this evidence was proper, and should have been admitted. If Taylor made the same statements to plaintiff in error, and he believed them, and had not been informed to the contrary, then it would be difficult to see in what manner he committed a fraud on defendant in error.

For the error in refusing to admit this evidence, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*