## Edwin A. Sherburne
### v.
## The Tobey Furniture Company.

| 19 | 615 |
|---|---|
| 100 | 1406 |
| 19 | 615 |
| 111 | 2 11 |

1. Action for Deceit.—To entitle a party to recover in an action for deceit, it must appear that the representations complained of were untrue; that the party making them knew them to be false, and that the person seeking to recover relied on the statements and was induced to act upon them.

2. Trespass on the Case.—An action of "trespass on the case on promises." The declaration alleged a contract by the defendant to manufacture, sell and deliver to the plaintiff, for $8, a mattress, to be made of clean, fine wool, a breach of such contract and consequent damages. Disregarding the averments of misrepresentation and fraud, held, that the declaration was a sufficient declaration in assumpsit, and as the evidence tended to support the plaintiff's action, as alleged in the declaration, it was error to instruct the jury to find for the defendant.

Appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding. Opinion filed June 16, 1886.

Mr. C. J. Michelet, for appellant.

Mr. Arnold Tripp, for appellee.

Bailey, P. J. The summons in this case required the defendant, the Tobey Furniture Company, to answer the plaint-

iff, Edwin A. Sherburne, "in a plea of trespass on the case on promises," and in the introductory part of the declaration the action is described as "a plea of trespass on the case." The declaration, which consists of but one count, alleges, in substance, that on the 1st day of June, 1880, the plaintiff bargained with the defendant for the purchase of a fine wool mattress for the sum of $8, and for which sum the defendant undertook to make, sell and deliv, r to the plaintiff a mattress of clean, fine wool; that the defendant did afterward deliver to the plaintiff a mattress, which it represented to be of the quality aforesaid, said mattress being covered with cloth so that the plaintiff could not see what was contained within it; that the plaintiff believed the representations of the defendant and accepted said mattress, and paid the defendant $8 therefor; that the plaintiff, believing it to be clean and wholesome and made of clean wool as represented by the defendant, used the same for a bed for certain members of his family, and after he had so used the same for a few months he discovered that it was infested with moths and worms; that he then caused the cover of said mattress to be ripped off and thereby discovered that said mattress was not made of clean, fine wool, but of a mixture of dirt and filthy rags of all colors and kinds, and was totally unfit for a bed or to be used in the house of any person; and the plaintiff says that the defendant, by means of the promises, falsely and fraudulently and with intent to cheat the plaintiff and to obtain his money by false pretenses, deceived the plaintiff on the sale of said mattress, and thereby the said mattress, then and there, not only became and was of no use or value to the plaintiff, but became and was a nuisance and a breeder of vermin, and endangered the health and lives of the plaintiff and his family, and the plaintiff was put to great expense to clear said moths out of his house, and was greatly annoyed and his furniture was injured, to his damage of $1,000.

The defendant filed a plea of "not guilty," and at the trial the only witness sworn was the plaintiff, who testified in his own behalf, in substance, that in May, 1880, he went to the defendant's place of business to see one Potter, the defend-

Sherburne v. Tobey Furniture Co.

ant's superintendent, and while there he was reminded that he needed a mattress at his house, and thereupon asked Potter what was the next best thing to a hair mattress, to which the latter replied, " A fine wool mattress." The plaintiff then asked, " Is it made of clean wool ? " to which Potter replied, " Yes, of purified, clean wool." To the plaintiff's inquiry as to what such mattress would cost, Potter replied that they could sell a good one for $6, but that the best would cost $8. Plaintiff then said that he had an Empire parlor bedstead for which he wished to procure a mattress, and that Potter might send him one of his best wool mattresses. Potter replied that if it was for an Empire parlor bedstead it would be necessary for the plaintiff to furnish him with a measure of the bedstead, as the defendant had none in stock which would fit it, but would have to make one. The plaintiff promised to furnish such measure, and in a day or two afterward did so, and two or three days later the defendant sent to the plaintiff's house a mattress, which the defendant represented that it had made for the plaintiff pursuant to said order. The mattress was covered with a heavy, fine ticking, tightly sewed, so that it was impossible to see the material of which the mattress was made without ripping open the cover ; but it appeared to be in all respects such a mattress as was ordered. The plaintiff used the mattress as a bed for himself and wife for four or five months, after which it was placed in an upper room, where it was never used unless there were guests in the house. A number of months afterward and, as the plaintiff admits, a little more than two years from the date of the purchase of the mattress, a guest called the plaintiff's attention to the condition of the mattress, and on examining it he found that it was infected with moths and worms. He immediately caused it to be ripped open and discovered for the first time that it was made of filthy cotton and woolen rags, and was infested with little worms from one third to one half an inch in length, and he also discovered that the carpet and upholstered furniture in the room was also, to some degree, infested with moths of the same character. He immediately caused the mattress to be removed from his house, and it cost him $15 to rid his carpets, furniture and rooms of said moths.

At the close of the evidence the court, at the instance of the defendant, instructed the jury to find the defendant not guilty, which was accordingly done, and the court, after denying a motion by the plaintiff for a new trial, gave judgment for the defendant.

The respective counsel as well as the court below seem to have treated the case as an action of tort, to recover damages for fraud and deceit by the defendant in the sale of the mattress, and if under the pleadings and proofs the case must necessarily be so regarded, we are inclined to the opinion that the instruction to the jury to find the defendant not guilty was proper. To entitle a party to recover in an action for deceit, it must appear that the representations complained of were untrue; that the party making them knew them to be false, and that the person seeking to recover relied on the statements as true and was induced to act upon them. Merwin v. Arbuckle, 81 Ill. 501; Wheeler v. Randall, 48 Id. 182; Hiner v. Richter, 51 Id. 299; Schwabacker v. Riddle, 99 Id. 343; Budlong v. Cunningham, 11 Bradwell, 28; McBean v. Fox, 1 Id. 177. We are of the opinion that the plaintiff failed to make out a case according to the requirements of this rule. The representation made by Potter, the defendant's superintendent, was merely that the defendant's best wool mattresses were made of purified, clean wool. It does not appear that such representation was not in all respects true. There is no evidence that the plaintiff's best wool mattresses were not made of that material. The plaintiff, after thus learning the quality of the material out of which such mattresses were made, ordered one to be manufactured and sent to his house. It can not be pretended that up to this point any deceit was practiced upon him. Some days afterward a mattress was delivered to him by the defendant, and the defendant represented, as the plaintiff testifies, that said mattress was made for the plaintiff pursuant to said order. This representation also, so far as appears, was true. No evidence was offered tending to show that the mattress delivered was not in fact manufactured by the defendant pursuant to the plaintiff's order. The difficulty was not that the defendant or its agent had made some representation which was untrue, but merely that the defendant had

failed to perform its contract in relation to the materials to be used in the mattress the plaintiff ordered it to manufacture for him.

But we are of the opinion that the action is neither in form or substance an action of tort. In the summons, as we have seen, it is called "trespass on the case on promises," that is to say, assumpsit, and in the introductory part of the declaration it is termed " trespass on the case." a phrase which is descriptive of a class of actions which includes assumpsit. 1 Chitty on Plead., 111; Carter v. White, 32 Ill. 509. If we look at the substance of the declaration, we find that it alleged a contract by the defendant to manufacture, sell and deliver to the plaintiff, for the sum of $3, a mattress to be made of clean, fine wool; a breach of such contract and consequent damage. These are all the substantial averments requisite to a sufficient declaration in assumpsit.

In Carter v. White, *supra*, the commencement of the declaration recited, as here, that the defendant had been summoned to answer the plaintiffs in a plea of trespass on the case, and the summons was in like terms, and it was held that assumpsit was " an action on the case" and was properly entitled " an action of trespass on the case," and that to determine whether the action was really for a tort or upon a contract, resort must be had to the substance of the declaration.

Disregarding, then, the averments of misrepresentation and fraud, and viewing the declaration as a count in assumpsit setting up a contract, its breach and consequent damages, it can not be doubted, we think, that the evidence tends to support the plaintiff's cause of action. It tends to show that the defendant undertook and promised to manufacture and deliver to the plaintiff a mattress made of certain specified material; that the mattress manufactured was made of materials of an inferior quality and of little value, and that the plaintiff thereby suffered damages. As the evidence tended to support the plaintiff's action as alleged in the declaration, the court erred in instructing the jury to find their verdict for the defendant. For that error the judgment must be reversed and the cause remanded.

Judgment reversed.