LOUIS C. WACHSMUTH *et al.*

*v.*

JOHN J. MARTINI.

*Filed at Ottawa November 27, 1894.*

FRAUD—*in purchase of goods—false statement to mercantile agency.* An action for fraud and deceit will not lie against the purchaser of goods on the ground that, to obtain the credit, he made a false statement of his financial condition to a mercantile agency, where the statement of such agency to the seller, on which the seller relied, is substantially different from that made by the purchaser.

*Wachsmuth* v. *Martini,* 45 Ill. App. 244, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Woodford county; the Hon. THOMAS M. SHAW, Judge, presiding.

WALPOLE WOOD, for appellants.

W. L. ELLWOOD, E. L. STOKER, and JAMES A. RILEY, for appellee.

BAKER, J.: L. C. Wachsmuth & Co. brought this action on the case for fraud and deceit, against John J. Martini. A jury trial resulted in verdict and judgment for the latter, and the judgment was affirmed in the Appellate Court.

Upon this appeal from the judgment of affirmance, quite a number of questions are raised by the assignments of error, and are discussed by counsel in the briefs and arguments. But in the view that we have taken of the case, there is occasion for considering one phase, only, of the transaction involved.

Appellants were wholesale dealers in clothing at Chicago, and appellee was a retail dealer in clothing at Minonk, in Woodford county. Appellee ordered a bill of goods, amounting to $2805, from appellants, through a traveling salesman of theirs, and they thereupon applied to the Mercantile Statement Company at Chicago for a statement in regard to the commercial standing of appellee. That company then addressed a letter to Martini, requesting a statement of his financial affairs, and enclosed with the letter a blank to be filled out by him. On receipt of the letter Martini turned it over to his confidential clerk and book-keeper, one Peter Wiltz, with instructions to fill out the blank so as to show the condition of his assets and liabilities. After some discussion and directions, Wiltz filled certain of the blanks in the statement, signed Martini's name to it, and mailed it to

the Mercantile Statement Company. The substantial parts of the statement so returned were as follows:

### ASSETS.

| | | | |
|---|---|---|---|
| 1. | Cash value of stock.................................... | $6000 | 00 |
| 2. | Amount of book accounts and notes on hand considered good.. .............................................. | 130 | 00 |
| 3. | Cash on hand in bank................................. | 100 | 00 |
| 4. | Other assets not real estate....... .................... | 3500 | 24 |
| 5. | Value of real estate not exempt as a homestead....... | 1800 | 00 |
| | Description of same and value of each parcel......... | | |
| 6. | Two lots at Desplaines, Cook county, Illinois.......... | 1000 | 00 |
| | Forty acres in Marion county, Illinois................. | 800 | 00 |
| 7. | If mortgaged, to what amount........................ | | |
| 8. | Net value of real estate............................. | | |
| 9. | Total assets......................................... | | |

### LIABILITIES.

| | | | |
|---|---|---|---|
| 10. | For merchandise on open acct. and not due............ | $2800 | 00 |
| 11. | For merchandise on open acct. past due.............. | | |
| 12. | For merchandise closed by note not due.............. | | |
| 13. | For borrowed money other than real estate mortgages | 300 | 00 |
| 14. | Total liabilities..................................... | | |
| 15. | Surplus assets...................................... | | |

Immediately on receipt of this statement the Mercantile Statement Company delivered to appellants the following report:

"STATEMENT OF J. J. MARTINI, *Minonk, Ill.*

### ASSETS.

| | |
|---|---|
| Cash value of stock............................................ | $6000 |
| Am't of book accounts and notes........................... | 130 |
| Cash on hand in bank......................................... | 100 |
| Other assets not real........................................ | 3800 |
| Net value of real estate..................................... | 3600 |
| Total assets........................................... | $13,630 |

### LIABILITIES.

| | | |
|---|---|---|
| For merchandise on open account, not due............. | $2800 | |
| For borrowed money, not on mortgages............... | 300 | |
| | | 3100 |
| Surplus assets........................................ | | $10,530 |

Upon receipt of this report from the Mercantile Statement Company appellants accepted the order that had been forwarded by their traveling salesman, and shipped

the goods in various lots to Martini. Thomas Davies testified at the trial, in behalf of appellants, that he was manager for L. C. Wachsmuth & Co., and had particular charge of the credits, and that on the strength of the information contained in the statement or communication received from the Mercantile Statement Company he passed upon the credit and ordered the goods shipped. A few days after the arrival of the last of the goods at Minonk, Martini sold his entire stock of goods at that place to Wiltz and Goodwin, clerks in his store there located, for $6019,—one-half cash and one-half in notes secured by real estate ; and two or three days after that sale a judgment by confession was entered against him in the circuit court of DeWitt county for $3725.69, on a note bearing date more than eight months prior thereto, but which had not been reported in the statement returned to the mercantile agency, and upon an execution issued on that judgment the entire stock of goods in a store belonging to Martini, and located at Farmer City, in said DeWitt county, was sold, and thereupon appellants brought this action on the case for fraud and deceit.

In order to maintain an action for fraud and deceit it must appear that either the defendant himself, or his servant or agent, made the alleged fraudulent statement or representations. And in *Merwin* v. *Arbuckle*, 81 Ill. 501, this court held that before there can be a recovery in such suit, the statement must be untrue, the party making it must know that it is false, and the party seeking to recover must have relied on the statement as true, and have been induced to act upon the statement. In the case now before us the defendant made no statement to appellants, but he or his clerk made a statement in writing to the mercantile agency. We will assume that a person furnishing information to such an agency does so for the purpose of enabling the agency to communicate such information to persons who may be interested in obtaining it for their guidance in giving credit, and that

therefore the liability to any persons defrauded should be the same as if the representations had been made directly to such persons. (*Eaton, Cole & Burnham Co.* v. *Avery,* 83 N. Y. 31; *Hinchman* v. *Weeks,* 85 Mich. 535.) But here the statement which the mercantile agency received from appellee was materially and substantially different from that which the agency submitted to appellants. The latter report showed $1800 more of real estate and $300 more of "other assets not real" than appeared upon the statement furnished by Wiltz, and thereby the rating of the assets of Martini was increased $2100 over and above what it had been represented to the Mercantile Statement Company.

Which of these two statements induced appellants to give credit to appellee and ship the goods to him? Davies, their "credit man," testifies positively that the information contained in the communication received from the Mercantile Statement Company induced him to give the credit and order the goods shipped. It was not the written statement made by appellee or his agent, or either a true or a substantial copy of it, that appellants relied on, or that induced them to act as they did. Some of the items in the two statements are identical. Others are very different. The two statements—each regarded as a whole—are not substantially alike. The statement upon which appellants relied and based their conduct made a better financial showing for appellee, by $2100, than the statement for which he was legally responsible. It would be mere surmise to conclude that even if the report to appellants from the mercantile agency had corresponded with the statement forwarded from Minonk, they nevertheless would have filled the order for the goods. A cause of action can not be constructed upon so uncertain a foundation as a mere conjecture.

The Mercantile Statement Company was the agent of appellants, and not the agent of appellee, and the supposed cause of action being based on a statement

made by such agent, and not upon a statement made by appellee or for which he was responsible, had no legs upon which to stand, and necessarily failed. The judgments of the circuit and Appellate Courts could not have been otherwise than they were. And it is wholly immaterial to inquire whether or not the trial court erred in any of its rulings upon the instructions, or otherwise at the trial, for even if we assume that errors were committed, they worked no injury.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*