## Willis P. Dickinson v. Mary L. Atkins.

1. DECEIT—*What is Necessary to Prove in Order to Sustain an Action for.*—To sustain an action for deceit it must be established that the representations complained of, were false; that they were relative to matters material to the transaction, and not solely to promises as to matters *in futuro;* that the defendant in making the representations knew them to be false, and that the plaintiff, exercising ordinary prudence, relied upon them as true, and to his injury.

2. PUNITIVE DAMAGES—*Not Recoverable Unless Actual Damages Are Sustained.*—Unless the jury find that actual damages have been sustained, no award of punitive damages or smart money can be made.

Action on the Case, for deceit.  Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.  Heard in this court at the March term, 1901.  Reversed and remanded.  Opinion filed January 16, 1902.  See note at the close of the opinion.  Rehearing denied February 17, 1902.

This suit was brought by appellee against appellant in action on the case for deceit.  The *narr.* consists of two

counts. The first count alleges that defendant told plaintiff he wished to appeal to the Appellate Court from a judgment against him for $500, and that he desired plaintiff to sign an appeal bond with him as surety and to induce plaintiff to so sign he represented to her that he had a good defense to said suit and that there would be no danger to her or peril to her property if she signed said bond; that he had abundant means to pay said judgment at any moment, and that relying upon said representations and promises she signed said appeal bond; that afterward said judgment was affirmed, was not paid by the defendant, and that plaintiff was sued and judgment obtained against her upon said appeal bond for $557.22 and costs of suit, upon which execution was issued and levied upon the property of the plaintiff, which property was sold to satisfy said execution. Alleges that the defendant had not and knew that he had not a good defense to said suit; had not and knew that he had not abundant means or any means to pay said judgment, and that each and all of said representations were fraudulent and false and known by him to be so, and that they were made by him with willful and malicious intention to lead the plaintiff into signing said bond, thereby making her and her property a shield between him and his debts, etc.

The second count alleges that the plaintiff was indebted in about the sum of $14,000, in three notes, of $3,000, $6,000 and $5,000, respectively, secured by three separate trust deeds upon separate pieces of real estate owned by her in Chicago, and that she owned one other piece of real estate then unincumbered; that the defendant learned of her unincumbered real estate, professed interest in her affairs and anxiety to aid her financially, represented to her that he was an investment banker and dealer in stocks and had large means, although just then involved in an important deal which tied up his ready means, and represented that he would, when this was ended, take up for her her notes and incumbrances and let her have a low rate of interest and time in which to pay, and that he suggested to her

to make her note for $4,000, secure it by trust deed upon her unincumbered real estate, and that he would then take the same to his bank, give his own note and use the plaintiff's securities as collateral and raise ·money thereby, and that he would use the money so obtained to pay the overdue interest and taxes upon the plaintiff's property aforesaid; and avers that plaintiff, relying upon defendant's said representations, executed her note and trust deed, and that the defendant received said note and trust deed for the purpose and by reason of the representations and promises aforesaid, and at once hypothecated them and converted them or the proceeds thereof to his own use; that the defendant did not turn over any of the proceeds to the plaintiff, but has refused to return them or any part thereof to the plaintiff; avers that he did not pay any of said interest or taxes, or remove or aid in removing any of said incumbrances from plaintiff's property, but defrauded the plaintiff · of her last available means of obtaining any money by which to save her property, and avers that in consequence thereof her said incumbered pieces of real estate have been sold under trust deeds and lost to the plaintiff, and claims damages for $20,000.

Evidence upon the trial showed that at the time when appellant induced appellee to sign the appeal bond in question, he represented to her that he was amply able to pay the judgment in question, and that he had the funds therefor in bank. The evidence also warranted the conclusion that he was insolvent and unable to pay the judgment at the time in question. Mrs. Atkins, the appellee, testified: " He (appellant) said I would not be troubled at all, and that he was perfectly able to pay the judgment if it was affirmed." Mrs. Kent testified: " He (appellant) said he had means at that time in the bank, that he could pay this judgment without any trouble whatever," etc. Appellant testified: " I think I told her (appellee) I was able to pay everything if I got beat." These transactions in relation to the signing of the appeal bond were had in February, 1897. The evidence shows that a judgment was rendered

against appellant in Cook county in October, 1896, for $514.70, upon which execution was returned *nulla bona* in January, 1897, the month preceding the transactions with appellee, and that another execution upon a judgment for $324 was returned in October, 1896, *nulla bona.* Various other judgments against appellant, which appear unsatisfied of record, are shown to have been rendered in 1897.

Appellant testified that " I paid all the judgments against me up to the time the receiver was appointed, with one or two exceptions."

It appears from the evidence that through the liability assumed by appellee upon the appeal bond in question, a judgment was rendered against her and upon execution thereon sale was made of her unincumbered real estate, and also of her equity in an improved lot upon Jackson Boulevard in the city of Chicago.

It also appears that the appellant used the $4,000 note which he obtained from appellee as collateral upon which he obtained a loan, and that he appropriated the amount of this loan to his own use, applying no part of it to the payment of the taxes and overdue interest upon the mortgage debts of appellee. The amount received by him upon this loan was $1,700. He received it within a day or two after obtaining the $4,000 note from appellee. At various times thereafter he gave appellee small sums of money, aggregating less than $200.

The cause was submitted to a jury. The trial court gave to the jury the following instructions tendered by counsel for appellee:

" The jury are instructed that if, from the evidence, they find the defendant guilty of the acts charged in the plaintiff's declaration, they will assess the damages, and in so doing. if, from the evidence, they find the defendant acted maliciously, they are not confined to the actual damages, if any are shown by the evidence, but may go beyond and award the plaintiff such a sum as from all the facts and. circumstances in evidence the jury believe proper, not exceeding the amount claimed in the plaintiff's declaration.

" The jury are further instructed that, in order to constitute the malice referred to in the foregoing instruction,

it is not necessary that the defendant should have been actuated by hatred or ill-will toward the plaintiff; but if, from the evidence, the jury believe that the plaintiff intrusted the defendant with her note for $4,000, secured by trust deed, for the purpose of his procuring for her with them, money for the plaintiff, that he agreed to so do, that he did procure a sum of money upon said note and trust deed and concealed that fact from the plaintiff, and without her knowledge or consent appropriated the money so obtained by him to his own use, such appropriation was, in law, malicious."

To the giving of which appellant preserved his exception.

The following interrogatories were submitted to the jury for special findings of fact:

"Did the defendant, in order to induce the plaintiff to sign the appeal bond in evidence, represent to her that he has a good defense to the suit in which said bond was given, and that he had abundant means to pay the judgment in said bond?    A.    Yes.

Was the defendant in fact without means to pay said judgment at the time the plaintiff signed said bond?    A.    Yes.

Did the defendant induce the plaintiff to execute to him the $4,000 note mentioned in the declaration and secure the same by a trust deed on her property by representing to her that he could and would raise money thereby for her to pay the taxes and interest on the property and the incumbrance thereon?    A.    Yes.

Did the defendant within three days after he received said note of $4,000 from the plaintiff raise between $1,700 and $1,800 on said note?    A.    Yes.

Did the defendant, without the knowledge or consent of the plaintiff, willfully appropriate the said sum of money so obtained by him to his own use?    A.    Yes."

The jury found the appellant guilty and assessed appellee's damages at $12,864.67.    From judgment upon this verdict the appeal here is prosecuted.

A. A. ROLF and SMITH, HELMER, MOULTON & PRICE, attorneys for appellant.

E. A. SHERBURNE, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Upon the evidence presented in this record, we are of

opinion no recovery could be sustained under the second count of the declaration. The facts proved in support of that count would establish a flagrant breach of contract, but they do not sustain an action for deceit. To sustain an action for deceit, it must be established that the representations complained of were false; that they related to matters material to the transaction, and not solely to promises as to matters *in futuro;* that the defendant making the false representations then knew them to be false, and that the plaintiff, exercising ordinary prudence, relied upon them as true, and to his injury. Wheeler v. Randall, 48 Ill. 182; Merwin v. Arbuckle, 81 Ill. 501; Schwabacker v. Riddle, 99 Ill. 343; McBean v. Fox, 1 Ill. App. 177; Budlong v. Cunningham, 11 Ill. App. 28; Sherburne v. Tobey Furn. Co., 19 Ill. App. 615.

The first and second counts of the declaration present entirely distinct and different causes of action, in fact as well as in theory. The suit upon the first count is for the obtaining of the signature to the appeal bond and consequent injury to appellee. The suit upon the second count is for the obtaining of the $4,000 note and consequent injury. The evidence proffered to maintain the second count lacks the essentials of an action for deceit. No representations as to matters then in existence are shown as the means of procuring the promissory note of appellee. The representations, by means of which the note was obtained, are shown to have been representations as to what appellant would do with the proceeds of the note, viz., that he would use such proceeds to pay off the taxes and overdue interest upon appellee's mortgage debts. An action for breach of the contract would lie upon this showing, but not this action for deceit. The evidence does, however, sustain the action under the first count, for it establishes that appellant obtained the signing of the appeal bond by appellee through representations that he was then amply able to pay the judgment appealed from. Whether such representations were false, was a question of fact for the jury upon the evidence presented. In view of

Dickinson v. Atkins.

the evidence as to unsatisfied judgments of record in this county at the very time of the making of the statements as to his means, we can not say that the jury were not warranted in concluding that the statements of appellant were false. The credibility of his testimony as to having subsequently paid most of those judgments which were left unsatisfied of record, was for the jury to determine. If the statements as to his means were false, then the jury were warranted by the evidence in concluding that they were made with knowledge of their falsity by appellant, and to injure appellee, and that appellee relied upom them and was injured.

We are therefore of opinion that the recovery may be sustained only to the extent to which it is based upon the first count, if that extent can be accurately determined.

The evidence discloses that by reason of the signing of the appeal bond in question, a judgment was recovered against appellee in suit on that bond, and execution thereon was levied upon portions of her real estate. The real estate thus levied upon and sold consisted of lot 2 in the Walter Butler Estate subdivision, and the Jackson Boulevard property. Lot 2 was worth at least $500. The testimony of appellant was sufficient to warrant the jury in estimating it as of that value. The Jackson Boulevard property was mortgaged, and by foreclosure of the mortgage appellee lost title to her equity of redemption therein. But she was entitled to the rents and profits of the mortgaged premises during the period of redemption after the sale under the decree of foreclosure. It appears that through a creditor's bill filed upon the judgment obtained against appellee upon the appeal bond, the rents of the Jackson Boulevard property of appellee during her period of redemption were applied to the payment of that judgment, and costs of receivership, to the extent of $323. The aggregate of these amounts which appear as actual damages sustained by appellee, together with interest thereon, is $911. Beyond this amount the judgment appealed from can not be sustained. By the giving of the second instruction,

set out in the foregoing statement, the court in effect permitted the jury to find upon the issues raised by the second count of the declaration and the plea of not guilty. In this there was error, for the evidence did not sufficiently support that count to warrant a recovery thereon. The first instruction, tendered for appellee and given by the court, is also inaccurate. But if the recovery be limited to actual damages sustained under the first count, we think that the error in the giving of these instructions can not be regarded as prejudicial to appellant.

Some of the interrogatories submitted to the jury called for findings upon evidentiary facts not in themselves conclusive of any issue. They should not have been given. Only findings upon ultimate facts, or facts which may be conclusive of the issues, or some of them, are proper under the statute, which provides for the submitting of interrogatories for special findings of fact by the jury. C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132.

It is argued that the giving of them to the jury was prejudicial to appellant. But it does not appear that counsel for appellant objected at the time they were given, or at any time thereafter saved an exception to the giving of them. Therefore the error is not well assigned.

It is complained by the learned counsel for appellant that under the instruction of the court the jury might award punitive damages, irrespective of any finding that actual damages were sustained. We are of opinion that the error in this behalf is well assigned. Unless the jury found that actual damages had been sustained, no award of punitive damages or smart money could be made. Martin v. Leslie, 93 Ill. App. 44, and cases therein cited.

But we are also of opinion that if the recovery be sustained only to the extent of the actual damages sustained by appellee, no prejudice can be said to result from any such award of punitive damages by the jury.

Certain questions upon cross-examination of appellee, answers to which were excluded, become unimportant by reason of the conclusion reached.

The evidence in this case is such as to lead us to regret that we can not affirm the judgment in its entirety.

If the appellee shall, within ten days, remit all of the judgment herein in excess of the sum of $911, the judgment will be affirmed in that amount; otherwise it will be reversed, and the cause will, in that event, be remanded. In either case the costs of this appeal must be adjudged against the appellee.

Affirmed on remittitur.*

---

*January 20, 1902. Time extended to February 6th to file remittitur.
February 6, 1902. No remittitur filed. Cause reversed and remanded.