## John W. Eckman, Sr., v. Francis M. Webb.

1. DEMURRER—*when overruling of, cannot be complained of.* Where a defendant, at law, after his demurrer has been overruled, pleads the general issue, he cannot thereafter be heard to complain of the overruling of such demurrer.

2. DECEIT—*what essential to recovery in action for.* To recover in an action for deceit the statements relied upon must have been in relation to a matter material to the transaction, must have been untrue, the party making them must have known them to be false, and the person seeking to recover must have relied thereon.

3. DECEIT—*what not proper basis of action for.* In an action for deceit recovery cannot be predicated upon a matter *ex contractu.*

Action on the case for deceit. Appeal from the Circuit Court of Macon County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1904. Reversed, with finding of facts. Opinion filed October 14, 1904.

J. A. MONTGOMERY and MILLS BROS., for appellant.

JACK & DECK and I. A. BUCKINGHAM, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is an action on the case against the appellant, Eckman, based on alleged false representations made by defendant to plaintiff, whereby plaintiff was induced to buy fifty shares of stock in the John Tilton Gold Mining Company for the sum of $500. The first count of the declara-

tion avers that the defendant as the agent of said company, knowingly, falsely and fraudulently represented to plaintiff, first, that said company owned a gold mine in California which was being operated by means of three shafts, out of which gold ore had been and was being removed by said company and sold upon the market; second, that there then was upon the premises of said company gold-bearing ore which had been hoisted from said shafts, equal in value upon the market to the purchase price of certain machinery which said company then proposed to purchase and erect upon said premises, for extracting the gold from such ore; and that the value of such ore and of such machinery so proposed to be purchased was $3,000; third, that gold-bearing ore raised from said mine had been assayed, and was of the value of $35,000 to $85,000· per ton; fourth, that he, defendant, had invested of his own money $1,000 in stock of said company, and that certain friends and acquaintances of plaintiff by name of Walker, in whose business capacity and judgment defendant well knew plaintiff had great confidence, had invested large sums of money in the stock of said company; fifth, that stock of said company aggregating $40,000 had been sold. The declaration then avers in apt terms the falsity of each and every of said representations, and further avers that plaintiff had no means of ascertaining the truth or falsity of such representations, and that defendant further stated to the plaintiff that if the said representations were not true, and loss resulted to plaintiff thereby, defendant would reimburse plaintiff, out of his own property, for such loss. Plaintiff further avers that he believed the representations to be true and relied upon them, knowing that defendant was financially responsible and having great confidence in him by reason of the fact that both plaintiff and defendant belonged to the Methodist Church of Decatur, and defendant had been and was a Methodist preacher, and thereby the plaintiff was deterred from making any investigation as to the truth of such representations, and relying upon them bought said stock. Plaintiff further avers that the

said stock, at the time of such representations and of such purchase thereof by plaintiff, was and ever since has been absolutely worthless; whereby, etc.   The second count is the same as the first except that instead of averring that the representations were made knowingly, falsely and fraudulently, avers that the defendant "not knowing whether or not his statements were true or false, recklessly represented and stated to plaintiff as facts worthy to be relied upon and fraudulently intended by defendant to be relied upon by plaintiff."

Defendant demurred to the declaration; the demurrer was overruled and defendant pleaded the general issue. Trial was had by a jury, verdict rendered for plaintiff for $589.84, and judgment thereon.

It is first urged that the demurrer to the declaration should have been sustained.   The defendant waived his demurrer by pleading the general issue.   The first count is intended to state that the representations were made with the knowledge of the defendant that they were false.   The second count states that they were made with a reckless disregard of truth, which, in law, amounts to the same thing as if made with knowledge of their falsity.   " To recover in an action for deceit, the statement must be untrue, the party making it must know that it is false, and the person seeking to recover must have relied upon the statement, and the statement must have been in relation to a matter material to the transaction."   Merwin v. Arbuckle, 81 Ill. 503;   Wachsmuth v. Martini, 154 Ill. 515.   Other citations are needless; the books are full of them.   The averments of false representations above mentioned as first, second and third may be deemed material to the transaction; the fourth and fifth are entirely immaterial.

The declaration in substance avers that the defendant made these statements as of matters of fact; that the statements were false in fact; that defendant knew they were false when he made them; that the plaintiff relied upon the statements as true and was thereby induced to buy the stock.   It was necessary that the declaration should so

aver.   Assuming, for the purposes of this consideration, that the defendant made the statements alleged, yet the evidence shows conclusively that he did not make them as matters of fact, but that he made them upon information and belief and gave the source of his information and the grounds of his belief.   The plaintiff himself testifies, upon his cross-examination, as follows: " First learned about the John Tilton Gold Mine at my house about the first of the year 1900.   Eckman told me he was agent for stock in a mine that a friend of his had discovered and owned.   I asked who the people were.   He said it was a Mr. Butler of Tuscola.   Said that when he lived in Tuscola he became acquainted with Butler; that the relationship between him and Butler had been friendly; that this friend of his by the name of Butler, living at Tuscola, had received a communication from a brother in the west, in which the brother informed him that he had discovered a gold mine out there and that he thought it a pretty good thing.   He also told me that this man Butler was connected with one of the building and loan associations at Tuscola, and that, so far as he knew anything about Butler, he was a pretty straight sort of a fellow and a good man.   I learned from the conversation with Eckman, that he, Eckman, had never visited the mine.   I knew that Eckman had personally no knowledge from a personal observation of the condition of the mine, what kind of a mine it was.   I knew whatever information Eckman had about it was information he derived from the man at Tuscola.   As far as I knew that was the only source of information Mr. Eckman had. When Eckman talked to me he would tell me he had received certain information about the mine; that he knew these things to be true because he had been told them by the Butlers, and that he believed them to be good men; that he believed any information received from them in relation to that matter was authentic, because he believed those men were telling the truth about it.   He told me in substance or meaning that because this information had come from those men he had every confidence in what they

told him about it, and believed I and my friends could rely upon what they said about it." No argument or citation of authority is necessary to show that this suit cannot be maintained on such proof as that, and there is nothing in the record to the contrary.

As before stated the declaration avers that plaintiff had confidence in defendant because they both belonged to the Methodist Church and defendant was a preacher, and some proof is made thereof, and it is sought thereby to establish that a fiduciary relation existed between plaintiff and defendant, which would take this case out of the ordinary and require the dealings of defendant and plaintiff to be measured by the rules which apply in cases of fiduciary relations. Plaintiff testifies that he is forty-two years old; has had a good deal of experience in business matters; has been a travelling salesman for the last two and a half years; has traded and bought property; been engaged in business as a merchant, and been generally a man of affairs and about town and mingled with business men and transacted considerable business. In view of those statements we hardly think any fiduciary relation can be held to have existed between defendant and plaintiff arising out of the above mentioned religious association.

It is also urged that the defendant promised to reimburse plaintiff out of his own property for any loss he might sustain in case the representations proved untrue. This suit is not upon promises; it is not *ex contractu;* it is for fraud and deceit; it is *ex delicto.* No recovery on any such promises, if any there were, can be had in this case.

For the reasons herein stated this judgment must be reversed, and as there is an utter absence of proof of at least one essential averment of the declaration, and there is, on the contrary, abundant evidence to disprove that averment, the judgment will be reversed simply, without remanding.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that there was no false representation by the defendant of any material fact alleged in the declaration; that the representations that were made by the defendant were made by him on information and belief, and so stated to be by the defendant to the plaintiff, and that defendant at the time thereof stated to the plaintiff the sources of his information and the grounds of his belief.