Edwin J. Billstrom, trading as Billstrom Tire & Vulcanizing Company, Appellee, v. The Triple Tread Tire Company, Appellant.

## Gen. No. 6,863.

1. FRAUD, § 1*—*elements.* To maintain an action for fraud and deceit the evidence must show: (1) That the representations, as charged, were made by the defendant; (2) that they were false and known to be false by defendant making them, or made as a positive assertion recklessly without any knowledge of its truth, and made to deceive the plaintiff; (3) that plaintiff believed the representa-·tions to be true; (4) that he relied upon the representations and was induced to make the purchase or enter into the contract because of the same; (5) that he has suffered damage thereby.

2. CORPORATIONS, § 474*—*liability for fraud where agent not liable.* Since a corporation can act only through agents, where an action of fraud and deceit is brought against a corporation, it can be held liable only on account of the rule of *respondeat superior*, by reason of false representations of its agent, and hence, if the agent is free from liability, the corporation must also be free.

3. JUDGMENT, § 193*—*effect of judgment against corporation for fraud where agent held not guilty.* Where an action of fraud and deceit is brought against a corporation and its agent who made the representations and such agent is found not guilty, the corporation cannot be held liable because of representations made by such agent.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 17, 1921. Rehearing denied May 3, 1921.

GARRETT, MAYNARD & HULL, for appellant.

JOHNSON, LARGE & RENO, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court. Appellant, a Chicago corporation, was engaged in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the manufacture of chrome leather, steel-studded re-
treads to be attached to used and worn automobile
tires, and appellee, an individual, doing a vulcanizing
business at Rockford, Illinois, under the name and
style of Billstrom Tire & Vulcanizing Company, entered
into a written contract, through the agency of Harry
O. Whitney, granting appellee the exclusive right to
sell for appellant its retreads in Winnebago county,
Illinois, in and by which contract appellee agreed to
purchase from appellant 1,500 retreads at prices in
the contract specified. The contract provided for a
cash payment of $1,500 by appellee, one dollar of
which was to be applied as part payment of each
retread when the same were from time to time ordered
by appellee. Appellee made the payment of $1,500
and ordered and received a few retreads. Thereafter
he became dissatisfied with the retreads and brought
an action of fraud and deceit against appellant and
Harry O. Whitney. A trial resulted in a verdict
finding defendant Whitney not guilty and appellant
guilty and assessing plaintiff's damages at $1,640.63.
Appellant's motion for a new trial was overruled and
judgment entered in accordance with the verdict,
from which judgment this appeal was taken.

It is claimed by appellant that the judgment was
contrary to the evidence and that the court erred in
not granting appellant a new trial.

In order to maintain an action for fraud and deceit
the evidence in the case must show:

1. That the representations as charged in the dec-
laration were made by the defendants, or one of them.

2. That the representations were false and known
to be false by the defendant making them, or made
as a positive assertion recklessly without any knowl-
edge of its truth, and such representations must be
made to deceive the plaintiff.

3. That the plaintiff believed the representations
to be true.

4. That the plaintiff making the purchase or entering into the contract relied upon the representations and was induced to make the purchase or enter into the contract because of the same.

5. That the plaintiff has suffered damage thereby.

A representation to constitute the basis of an action for fraud and deceit must not only be false and known to be false by the person making it or, made as a positive assertion recklessly without any knowledge as to its truth, but the person to whom it is made must believe it to be true, and rely upon it, and be induced by such reliance to enter into the contract or make the purchase in question. *Merwin v. Arbuckle*, 81 Ill. 501; *Wachsmuth v. Martini*, 154 Ill. 515. A false representation if it is not relied upon by the plaintiff when entering into the contract cannot be the basis of an action for fraud and deceit.

If a person, instead of relying upon the statements made to him, makes a personal investigation, and, in making the contract, relies upon such investigation and not upon the statement, an action will not lie even though the statements be false.

In the present case appellee claimed that certain representations made to him before entering into the contract were false and known by appellant and Whitney to be false. On the other hand, appellant and Whitney denied the making of some of the representations, denied the falsity of the remainder, and claimed that appellee in making the contract in question relied upon his personal investigation of appellant's plant, the retreads which he saw there, and his personal inspection of appellant's process of manufacturing such retreads, and that any loss sustained by appellee was occasioned by appellee's failure to properly prepare and apply the retreads.

The evidence shows that defendant Whitney conducted practically all of the negotiations with appellee to induce him to enter into the contract and all of

the representations made on behalf of appellant, as to the falsity of which evidence was introduced, were representations made by the defendant Whitney, and the only representations which appellee testified to believing and relying upon were statements of Whitney.

Appellant is a corporation capable of acting only through agents, and where an action of fraud and deceit is brought against a corporation it can be held liable only on account of the rule of *respondeat superior,* by reason of the false representations of its agent. It follows therefore, as a matter of course, that if the agent who makes the representations and causes the injury is free from liability, his employer must also be free from liability. In this case appellee having elected to sue both appellant and Whitney, the jury having found Whitney not guilty and the court having rendered judgment on such verdict of not guilty, appellant cannot be held liable by reason of any representations of Whitney. *Lake Shore & M. S. Ry. Co. v. Goldberg,* 2 Ill. App. 228; *Chicago & R. I. R. Co. v. Hutchins,* 34 Ill. 108; *Anderson v. West Chicago St. R. Co.,* 200 Ill. 329; *Hayes v. Chicago Tel. Co.,* 218 Ill. 414; *Buck v. Rosenthal,* 273 Ill. 184; *Fowler v. Chicago Rys. Co.,* 285 Ill. 196; *St. Louis & S. F. R. Co. v. Dancey* (Okla.), 176 Pac. 209; *Chicago, R. I. & P. Ry. Co. v. Austin,* 43 Okla. 698; *Chicago, R. I. & P. Ry. Co. v. Reinhart,* 61 Okla. 72, 160 Pac. 51; *Bradley v. Rosenthal,* 154 Cal. 420; *Doremus v. Root,* 23 Wash. 710.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*