**R. J. Steven, Appellee, v. Combination Fountain Company, Appellant.**

**Gen. No. 7,570.**

1. FRAUD AND DECEIT—*when action for deceit proper though breach of contract involved.* An action of deceit for damages is proper where the declaration charges defendant with certain false representations as to its past and present financial condition by reason of which plaintiff was induced to sign a note and a purported stock subscription on the promise of defendant's agent that the note and subscription would be returned to him on demand and to save him harmless on account thereof, that the note was negotiated by defendant and plaintiff compelled to pay it to an innocent purchaser for value and that plaintiff suffered injury as the result of such representations, since such action is based on the alleged

falsity of the representations as to past and existing facts and not on the breach of contract to return the note and subscription and to save plaintiff harmless.

2. EVIDENCE—*parol evidence admissible to prove purported contract never executed.* In an action of deceit for damages alleged to have resulted from false representations as to the financial condition of defendant made to induce plaintiff to sign a promissory note and a purported stock subscription on a promise to save him harmless therefrom, parol evidence is admissible, not to vary the terms of the purported written contract, but to show that although it purported to be a contract for subscription for stock, it was never in fact executed and delivered as a valid binding contract.

3. FRAUD AND DECEIT—*peremptory instruction against defendant must state all elements of fraud.* In an action of deceit predicated upon alleged fraudulent representations as to defendant's past and existing financial condition, by reason of which plaintiff was induced to sign a note which defendant negotiated in violation of its promise to return to him on demand and which he was compelled to pay to an innocent purchaser, it was reversible error to instruct the jury to find defendant guilty if they found from the evidence that defendant was guilty of the fraud and deceit alleged and plaintiff executed his note and delivered it to defendant and was damaged thereby, without stating all the elements of fraud requisite to be proven to sustain a recovery by plaintiff.

Appeal by defendant from the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed July 10, 1923.

VAIL, POGUE & ALLEN, for appellant.

WILEY & MOREY, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Macon county for the sum of $4,418.55 and costs, in favor of the appellee, plaintiff, and against the appellant, defendant, in an action of deceit based upon the allegations of the amended third count of appellees declaration, which in substance alleged that appellant made certain false representations to appel-

lee as to its profits for the year ended June 30, 1920, its assets of July 1, 1920, its liabilities, net worth and notes and accounts receivable; that it was in need of ready money and had no shares of its stock for sale; that it needed such money for a short time until, to wit, January, 1920; that if appellee would execute his note to the company for $5,000 and sign a stock-subscription agreement appellant would raise money on the note and stock-subscription agreement and have sufficient funds to pay off any loans secured on such note before its maturity and, if appellee so elected, appellant would return the note and stock-subscription agreement to appellee and save him harmless thereon; that relying upon such representations appellee did execute his note for $5,000 and sign the stock-subscription agreement for fifty shares of the capital stock of the company set forth in the additional count; that before maturity of the note appellant sold it and made a pretended tender to appellee of the stock mentioned in the agreement; that appellee refused to accept the stock and demanded the return of his note but that the appellant had sold the note and appellee was compelled to pay it in the hands of an innocent purchaser for value; that the representations made by appellant to appellee concerning its financial condition were false, that appellant did not expect nor intend to return the said note and subscription agreement upon his demand to save him harmless on account thereof; and that such representations were made by appellant falsely and fraudulently with the intent that the appellee should rely thereon and that appellee did rely thereon and was damaged.

It is contended by appellant that appellee cannot recover in this form of action, deceit, for the reason that the proximate cause of his damages, if any, was not deceit practiced upon him, but was a breach of contract by defendant to pay and return his note and save him harmless thereon and that such damages cannot be recovered in an action for deceit.

In *Luttrell v. Wyatt,* 305 Ill. 274, it was said (p. 281) : "It is true that in order to constitute a fraud in law the representation must be an affirmance of fact and not a mere promise or expression of opinion or intention. A promise to perform an act, though accompanied at the time with an intention not to perform it, is not such a representation as can be made the ground of an action for deceit."

In the present case, however, appellee did not base his claim on the breach of contract, but on the injury caused appellee by the alleged falsity of the representations as to past and existing facts by reason of which appellee was induced to execute the note and stock subscription in question. We are of the opinion that under the circumstances in evidence, if the evidence in behalf of appellee be taken as true, the action brought by appellee was a proper one.

The court admitted parol evidence to prove that what purported to be a written purchase of stock and a note given in payment therefor was not a purchase at all and appellant contends that this evidence varied and contradicted the terms of a written instrument. This evidence was competent, not for the purpose of varying or contradicting the terms of a written contract, but for the purpose of showing that what purported to be a written contract had in fact never been executed and delivered as a valid, legal, binding contract.

In *Bell v. McDonald,* 308 Ill. 329 it was said (p. 336) : "It is argued on behalf of the appellant that the statement in the pleas that the instruments were delivered only as collateral security for the stock powder to be sold and were to be held by the payee and surrendered when the amount for which the stock powder was sold was collected by the payee is only an attempt to change and qualify the unconditional written promises by a contemporaneous parol agreement, in violation of the general rule that an instrument absolute on its face cannot be shown by parol to be conditional.

While this is a recognized rule of general application, yet evidence that the instrument was not intended to take effect as a valid obligation until the occurrence of some future contingency is usually held admissible between the original parties and between them and those taking with notice. Such evidence, it is held, does not contradict the terms of the writing or vary its legal import but tends to show that it was never delivered as a present contract. The possession of a contract unexplained may be presumptive evidence of its delivery, and under such circumstances no alteration of the terms of the contract could be shown, but until the delivery the writing is inoperative, and the delivery upon condition does not make it operative until the condition has been complied with. Evidence of such conditional delivery does not alter or vary the contract.

"In *Kilcoin v. Ortell*, 302 Ill. 531, it was held that a written contract, though signed, may fail to become binding for want of delivery, and while possession of such a contract by the party seeking to enforce it is presumptive evidence of delivery, such evidence is not conclusive, but testimony as to the circumstances attending the transaction is competent on the question whether the contract was completed and delivered with the intention that it should become presently binding."

It is claimed by appellant that the court erred in instructing the jury as follows:

"This action is not brought upon the contract given in evidence, and it is not necessary to the recovery of the plaintiff that he should show performance of the contract by him. The action is based upon fraud and deceit, and loss to the plaintiff resulting therefrom; and if the jury believe, from the evidence, that the defendant was guilty of the fraud and deceit alleged in the declaration, and that the plaintiff executed his note, which was delivered to the Combination Fountain Company, and sustained damages in consequence thereof, then you will find the defendant guilty."

This instruction directed a verdict and it was therefore necessary that it should contain all the elements

requisite to be proven in order to entitle appellee to a recovery.

In *Billstrom v. Triple Tread Tire Co.*, 220 Ill. App. 550, in discussing this question, the court said:

"In order to maintain an action for fraud and deceit the evidence in the case must show:

"1.   That the representations as charged in the declaration were made by the defendants, or one of them.

"2.   That the representations were false and known to be false by the defendant making them, and made to deceive the plaintiff, or made as a positive assertion recklessly without any knowledge of its truth.

"3.   That the plaintiff believed the representations to be true.

"4.   That the plaintiff making the purchase or entering into the contract relied upon the representations and was induced to make the purchase or enter into the contract because of the same.

"5.   That the plaintiff has suffered damage thereby.

"A representation to constitute the basis of an action for fraud and deceit must not only be false and known to be false by the person making it or made as a positive assertion recklessly without any knowledge as to its truth, but the person to whom it is made must believe it to be true, and rely upon it, and be induced by such reliance to enter into the contract or make the purchase in question. *Merwin v. Arbuckle,* 81 Ill. 501; *Wachsmuth v. Martini,* 154 Ill. 515.   A false representation if it is not relied upon by the plaintiff when entering into the contract cannot be the basis of an action for fraud and deceit."

The instruction in question, when tested by these rules, falls far short of containing all the elements necessary to entitle appellee to recover in the form of action and its giving was reversible error, for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*